# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-95-RJC

| | |
|---|---|
| BENJAMIN PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KEVIN FRYE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1). For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim.

## I.   BACKGROUND

According to the Complaint, Plaintiff is incarcerated in the Avery County Jail within the Western District. Plaintiff names as defendants Trina Cook, Jail Administrator; Kevin Frye, Avery County Sheriff; and Melissa Greene, Lieutenant. Plaintiff alleges that he has been repeatedly denied proper medical treatment and care between June 29, 2011 and April 30, 2012, including denial of prescription medications. Plaintiff claims that his repeated requests for medical treatment have gone unanswered and his resulting grievances have been ignored.

Plaintiff alleges that he suffered unsanitary living conditions in the Avery County Jail

1

between June 29, 2011 and January 19, 2012. Plaintiff also contends that his legal mail was opened, his repeated requests for Avery County Jail's rules and regulations were ignored, and he was the victim of theft. (Doc. No. 1 at 4).

Plaintiff seeks damages in the amount of $400 per day for the length of his incarceration and an order ensuring that the treatment for which he complains will not be tolerated in the future. (Id.).

## II. LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## II.  DISCUSSION

Plaintiff's allegations, when considered together with the attachments to his Complaint, demonstrate that Plaintiff's Complaint fails to state a claim for relief. Accordingly, Plaintiff's Complaint will be dismissed.[1]

Plaintiff names three defendants in his lawsuit and asserts vague allegations that he has been denied proper medical care, including access to prescription medications and medical treatment, and he alleges that his conditions of incarceration have been less than satisfactory. Plaintiff does not, however, identify which defendant might be responsible for any particular action or inaction of which he complains. Attached to his Complaint as exhibits are copies of grievances Plaintiff contends support his allegations, and copies of responses from one or more defendants. However, the responses do nothing but undermine Plaintiff's contentions.

### A.  Inadequate Medical Care

In order for liability to attach in a Section 1983 action, a defendant's conduct must have been the cause of the alleged constitutional or statutory violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978). The Eighth Amendment protects inmates from prison officials who act with deliberate indifference to their serious medical needs. See Farmer v. Brennan, 511 U.S.

---

[1] Plaintiff has attached exhibits to his Complaint and they are properly considered part of the Complaint when deciding whether Plaintiff has failed to state a claim. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

825, 831 (1994). In order for a prisoner to state a valid claim for inadequate medical care, the prisoner must first allege facts in his complaint which are sufficient to show that (1) he has a serious medical need and (2) that prison officials are not providing adequate medical care to address his medical need. Id.; Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Next, the prisoner must allege that a prison official was aware of the medical need, and then failed to provide the necessary medical treatment. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In the present case, Plaintiff pleads vague and presumptive claims that he has medical needs which are not being attended to, yet in his attached grievances he makes no mention of any neglect of his medical needs. In fact, Plaintiff attaches a document entitled "Discharge Instructions" which shows that he was treated at Cannon Memorial Hospital on April 28, 2012, for chest pain and released with a prescription for his treatment. (Doc. No. 1-1 at 8). Plaintiff also attaches a note which indicates that he has been prescribed medication to address his high blood pressure, seizure disorder, acid reflux disease, and chronic pain. (Id. at 3).

From the evidence presented by Plaintiff and from the dearth of allegations in his Complaint, the Court finds that Plaintiff fails to state an actionable claim for inadequate medical care and this claim will be dismissed. 28 U.S.C. § 1915A(b)(1).

  B.  Legal Mail

Plaintiff contends his rights have been violated because a piece of his legal mail was opened. (Doc. No. 1 at 4). Plaintiff filed a grievance regarding this allegation and Defendant Cook responded with an explanation that this mail was inadvertently opened and the enclosed paperwork was not read. (Doc. No. 1-1 at 4-5). As a general rule, prisoners have a constitutionally protected interest in their incoming and outgoing mail. Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005) (citations omitted). Plaintiff notes one incident where his mail

was opened. Plaintiff filed a grievance on May 7 and on May 8 Defendant Cook responded with her explanation that the mail was inadvertently opened and was never read. Plaintiff appears to assume that this inadvertence rises to the level of a per se constitutional violation. The Court, however, does not find that this isolated incident can support an actionable claim under Section 1983. This claim is dismissed.

C. Prison Conditions

Plaintiff contends that he was subjected to unsanitary conditions for approximately six months while he was an inmate in Avery County Jail. However, Plaintiff fails to identify with particularity what the conditions were or how they may have adversely affected his physical or mental health. Moreover, Plaintiff does not allege which of the three defendants may have been responsible. (Doc. No. 1 at 4). In order to establish deliberate indifference to the conditions of his confinement, as far as sanitary conditions are concerned, Plaintiff must show that one or more defendants were personally aware of specific facts from which they could infer that the inmate suffered "an unreasonable risk of serious damage to [his] future health." Farmer, 511 U.S. at 837. Plaintiff's Complaint fails to allege any such facts or to identify a defendant which could have, or should have been aware of such facts. Nor do the grievances attached to his Complaint allude to the presence of unsanitary conditions or his report of the same to Defendants. Plaintiff's claim fails to state a claim upon which relief may be granted.

D. Plaintiff's Remaining Claims

Plaintiff's claims that his shirt was stolen by Defendant Greene and that one or more defendants refused to provide him with a "Rules Manual" for the Avery County Jail are not actionable in this Section 1983 claim. First, Plaintiff's own evidence shows that the shirt in question is now among his personal belongings. He is seeking to assert a claim of larceny against

5

Defendant Greene in this action and Plaintiff, according to the response to this grievance, is free to pursue such a charge, at the state level, following his release. (Doc. No. 1-1 at 2).

Next, Plaintiff complains that he has not been provided a rules manual despite repeated requests. Plaintiff has not alleged what harm he has suffered because of this perceived injustice. Plaintiff's true claim here is that he is dissatisfied with the outcome of the grievance process. Plaintiff does not have a constitutionally or federally protected right to any specific outcome through the grievance process. See, e.g., George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only those that participate in civil rights violations can be held responsible in Section 1983 actions and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that a prison official is not liable in a Section 1983 action if their only role is that of the decision maker who denied the grievance). Plaintiff's remaining claims are dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Costs or Fees, (Doc. No. 1-2), is **GRANTED** for the purpose of this initial review.

2. Plaintiff's Complaint is **DISMISSED** for failure to state a claim for relief upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: June 7, 2012

Robert J. Conrad, Jr.
Chief United States District Judge